### FINCH v. GILLESPIE.

(Supreme Court, Appellate Division, Second Department. December 5, 1907.)

PRINCIPAL AND AGENT—ACTS OF AGENT—RATIFICATION—ACCEPTANCE OF BENEFITS.

A power of attorney authorized the agent to sell real estate of the principal and to execute conveyances, and also to mortgage real estate of which the principal was then seized or might thereafter be seized. The agent, acting for the principal, purchased premises which were conveyed to the principal and the deed recorded, and nearly two years thereafter the agent executed and delivered a deed of the premises to another. It did not appear that the principal during the 10 years that elapsed after the sale ever questioned the power of the agent to sell. *Held,* that the title of the one to whom conveyance was made was valid as against the objection that the power of attorney, while authorizing mortgages on after-acquired property, did not relate to a sale of after-acquired property; it being presumed after lapse of such time that she had received the benefits of the sale.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 647.]

Submission of controversy between Edward C. J. Finch and Earl A. Gillespie on agreed statement of facts under Code Civ. Proc. § 1279. Judgment for defendant.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Ed. J. Fandrey, for plaintiff.

George F. Alexander, for defendant.

WOODWARD, J. On the 29th day of December, 1891, one Harriet E. Roberts executed and delivered a power of attorney to Wilbur H. Whitlock, in which the said Wilbur H. Whitlock was authorized, "for me and in my name, place and stead and to my use, to grant, bargain, sell and convey any and all my real estate situate, lying and

being in the counties of Kings, Queens and Suffolk, in the state of New York, for such prices and on such terms as to him shall seem best and proper, and for me and in my name to make, execute, acknowledge and deliver good and sufficient deeds and conveyances for the same, either with or without covenants of warranty; and also to borrow upon bond and mortgage upon any and all of my real estate which I am now seized or possessed of or which I may hereafter be seized or possessed of, such sum or sums of money as to him may seem proper and best and to sign, seal and deliver bond or bonds for the payment of sums of money upon such terms as to him may seem proper," etc. There was no limitation as to time in the instrument, and it is evident from the language that Harriet E. Roberts intended by this power of attorney to invest Mr. Whitlock with general powers to deal with her real estate within the territory mentioned until she should revoke the power. This is evident from the fact that so late as August 28, 1895, Mr. Whitlock, acting for her, purchased the premises involved in this controversy, which were duly conveyed to her; the deed being duly recorded in the clerk's office of Queens county. There is no suggestion that the said Harriet E. Roberts did not get a perfectly valid title by this transaction. There is no suggestion that she ever questioned Mr. Whitlock's power to act as her agent in the purchase of these premises, or that she ever did any act to indicate an intention of revoking the power of attorney made and delivered in 1891, and which was duly entered of record in the said clerk's office. On the 1st day of June, 1897, acting under the authority of this recorded and unrevoked power of attorney, Mr. Whitlock executed and delivered a deed of the said premises purchased in 1895 to Earl E. Gillespie, the defendant in this action; and the only question presented is whether the defendant can convey a good and marketable title to the premises. The plaintiff urges that the power of attorney did not relate to after-acquired property, and that the deed to the defendant is not therefore clear as to title.

While it is true that, considered abstractly, the fact that the power of attorney specifically authorizes mortgages upon after-acquired property, while failing to give authority for selling after-acquired property might be construed to negative such a power, when the conceded facts are all kept in mind, and we seek to arrive at the intention of the parties, it must be clear that the power of attorney, duly recorded for the purpose of enabling Mr. Whitlock to deal generally with Mrs. Roberts' real estate, was a continuing power, and authorized Mr. Whitlock to convey any or all of her property within the territory mentioned. She permitted Mr. Whitlock to purchase the premises for her. The deed conveying the same to her had been recorded for nearly two years; thus showing at least a ratification of a very general agency outside of the authority conveyed in the power of attorney, and with this property in her possession she permitted this continuing power of attorney to stand recorded, thus evidencing a purpose to continue the power. There is no suggestion in the record before us that Mrs. Roberts during the period of practically 10 years that has elapsed since the sale of the premises to the defendant has ever questioned the power of Mr. Whitlock, that she has ever questioned the possession or own-

ership of Mr. Gillespie under the deed from Mr. Whitlock, or that the power of attorney has ever been modified or revoked in any particular. It must be presumed that she has, long ere this, received the benefits of the sale of the lands involved; and we thus not only have the practical construction of the parties to the power, but we have a state of facts which would estop Mrs. Roberts from questioning the authority of the man whom she has held out by her acts, as well as her written power of attorney, as her agent in dealing with her real estate in the counties mentioned. Hyatt v. Clark, 118 N. Y. 563, 568, 23 N. E. 891.

We are of the opinion that Mr. Gillespie's title, in so far as it is questioned here, is perfectly valid, and that judgment should be entered for the defendant.

Judgment for the defendant on submission of controversy, without costs. All concur.